# Richmond

W. FRANK SMYTH, JR., SUPERINTENDENT OF THE VIRGINIA STATE
PENITENTIARY V. HARRY MORRISON.

March 16, 1959.

Record No. 4918.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle and l'Anson, JJ.

The opinion states the case.

*Thomas M. Miller, Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General,* on brief), for the plaintiff in error.

*W. A. Hall, Jr.,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This writ of error was awarded W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary, to review a judgment of the lower court ordering the release of Harry Morrison, hereinafter referred to as petitioner, from custody of Superintendent Smyth.

We are first met by a motion to dismiss the writ of error on the ground that appellant failed to include in the record evidence showing that the petitioner was deprived of the right of counsel upon his several trials hereinafter mentioned. The order of the Circuit Court of Hanover County, dated September 17, 1957, the order appealed from, and the written opinion of the judge filed in the proceedings, show that the case was heard only upon "the petition praying for a writ of *habeas corpus ad subjiciendum,* the exhibits filed therewith, the return and answer of the Respondent, the argument of Counsel." It thus appears that the proceedings in that court were based solely upon matters of law. The writ of error, therefore, presents only questions of law. Such of these as were properly raised as to matters appearing on the face of the record we are required to determine. *Smyth* v. *Midgett,* 199 Va. 727, 729, 101 S. E. 2d 575. The motion to dismiss is overruled.

In his petition for a writ of *habeas corpus,* Morrison alleged that he had been convicted and sentenced on five occasions to the State

Penitentiary. Filed as an exhibit with his petition are certified copies of the orders of the Circuit Court of Henry County showing his convictions and sentences in that court as follows: (1) On April 5, 1937, for "Housebreaking and Larceny" and given one year in the penitentiary; (2) On July 6, 1938, for breaking and entering a railroad car with intent to commit larceny, and sentenced to two years in the penitentiary; (3) On January 8, 1941, for "Housebreaking & Larceny" and sentenced to two years in the penitentiary; (4) On July 6, 1948, for breaking and entering a storehouse with intent to commit larceny, and sentenced to eighteen months in the penitentiary; (5) On December 14, 1948, in the Circuit Court of the City of Richmond on an information charging four prior felony convictions and given an additional sentence of fifteen years imprisonment. Virginia Code, 1950, § 53-296.

W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary, hereinafter referred to as appellant, in answer to the petition filed by Morrison in the Circuit Court of Hanover County, alleged. that each of the convictions of the petitioner was lawful and valid. Attached was an exhibit showing that the petitioner had been committed to the penitentiary for the following convictions: In Henry County on April 6, 1937; on July 6, 1938; January 9, 1941, and July 9, 1948; and in addition in the Circuit Court of the City of Richmond as a recidivist on October 25, 1938, for one year; on March 10, 1941, for ten years; and on December 12, 1948, for fifteen years. Code, § 53-296.

It will be noted that appellant has set out that Morrison had been committed under a conviction of April 6, 1937, and made no mention of the April 5, 1937, conviction alleged by petitioner. This we will refer to later.

The exhibit filed with appellant's answer noted that petitioner's last term of imprisonment would expire June 12, 1961, and that he was paroled on October 13, 1953; but had been returned to the penitentiary on April 6, 1954, for violation of his parole.

The trial judge held that the convictions of April 5, 1937, and January 8, 1941, in Henry County, were null and void, and that consequently the sentence imposed by the Circuit Court of the City of Richmond on December 14, 1948, as a fourth offender, was void, in that the maximum sentence which could have been imposed was only five years; and that Morrison, having completely served all

sentences legally imposed, was entitled to be released and discharged from custody. We granted this writ of error.

Petitioner challenges convictions enumerated as (1), (2), (3) and (5) in his exhibits.

The attack on the alleged conviction of April 5, 1937, is based on the ground that there was no joinder of issue in that the judgment order fails to show that either a plea of guilty or not guilty was entered. It is also contended that the finding that petitioner was guilty of "Housebreaking and Larceny," and fixing his punishment at one year does not show how much of the term was for housebreaking and how much was for petit larceny, the value of the goods stolen having been fixed at $25.

The indictment in that proceeding charged Harry Morrison and several other persons jointly with feloniously breaking and entering a house in the nighttime with intent to commit larceny, and then and there stealing personal property of the value of $25, and also being present and aiding and abetting in the commission of the said offense.

On the back of that indictment is the following endorsement:

"A True Bill:

George T. Winn, Foreman.

1937 April Term Arraigned. Plea Guilty, Court Trial and each sentenced to one year in the penitentiary.

1937 April Term

Final Order."

The material part of the order, certified as an exhibit, dated April 5 reads:

"Upon an indictment for Housebreaking and Larceny

"Commonwealth

v.

E. O. Dalton, Harry Morrison, Carrie Rorer and Beatrice Pennington.

"This day again came the attorney for the Commonwealth, and the prisoners were led to a bar in the custody of the jailor of this court, thereof arraigned plead to the indictment and the court and with the consent of the attorney for the Commonwealth proceeding to hear and determine this cause without the intervention of a jury, after hearing the evidence and argument of counsel doth find the *prisoner* guilty of Housebreaking and Larceny and fix their punishment at one year each in the penitentiary." Thereupon, the court sentenced Morrison in accordance with the judgment.

In considering the contention of Morrison, it must be remembered that the regularity of the proceedings in which Morrison was found guilty is presumed. We have repeatedly held that in a *habeas corpus* proceeding the petitioner has the burden of proving the allegations made by him, and that mere irregularities, errors and defects in orders and judgments are not grounds for relief by *habeas corpus*. The law provides a remedy by appeal or writ of error to obtain their correction. *Hobson* v. *Youell*, 177 Va. 906, 15 S. E. 2d 76; *Hanson* v. *Smyth* 183 Va. 384, 392, 32 S. E. 2d 142; *McDorman* v. *Smyth*, 187 Va. 522, 527, 47 S. E. 2d 441; *Carter* v. *Commonwealth*, 199 Va. 466, 469, 100 S. E. 2d 681; *Smyth* v. *Midgett, supra,* at page 730; *Willoughby* v. *Smyth*, 194 Va. 267, 271, 72 S. E. 636.

The above order clearly shows that Morrison was present in person, was duly arraigned, and entered a plea. It does not show that he pleaded not guilty and waived trial by jury. Upon a plea of not guilty, he could not have been tried without a jury, in the absence of his consent entered of record. Section 8 of the Constitution of Virginia and section 19-166 of the Code of Virginia, 1950, each provides that upon a plea of guilty in a felony case, tendered in person by the accused, the court must hear and determine the case without the intervention of a jury; and that upon a plea of not guilty, with the consent of the accused and the concurrence of the Commonwealth Attorney and of the court entered of record, the court shall hear and determine the case without the intervention of a jury. Here, Morrison was tried without a jury which could not have been done properly in the absence of a plea of guilty, or a plea of not guilty accompanied with the consent of the accused entered of record, and no such consent was entered. The order is, therefore, responsive only to a plea of guilty, and this is strengthened by the memoranda endorsed on the back of the indictment. The concurrence of the Commonwealth Attorney in the procedure was not necessary, and it is to be regarded as surplusage.

The recital of the nature of a plea in an order is not jurisdictional. Its omission is an irregularity which can be corrected by a subsequent order or on appeal. We have held in various cases relating to omissions and irregularities in orders, judgments, and sentences that they cannot be challenged by collateral attack in a *habeas corpus* proceeding. *Powell* v. *Commonwealth*, 182 Va. 327, 339, 28 S. E. 2d 687; *Catlett* v. *Commonwealth*, 198 Va. 505, 507, 95 S. E. 2d 177; *Carter* v. *Commonwealth, supra;* 25 Am. Jur., Habeas Corpus, § 55,

page 186; 9 M. J., Habeas Corpus, § 13, page 314; 39 C. J. S., Habeas Corpus, § 26 (2), page 483 *et seq.* Cf. *Crutchfield* v. *Commonwealth*, 187 Va. 291, 46 S. E. 2d 340; *Council* v. *Commonwealth*, 198 Va. 288, 292, 94 S. E. 2d 245; and *Watts* v. *Skeen*, 132 W. Va. 737, 54 S. E. 2d 563.

We hold that the order of April 5, 1937, is not void on its face. It, of course, would be better practice for it to have set out the nature of the plea; but a mere omission or failure to do so does not render the judgment void. Nor is there merit in the contention that the verdict of the jury was void because it failed to show how much of the punishment was for housebreaking and how much was for petit larceny. He was found guilty of housebreaking with intent to commit larceny, and then and there stealing personal property, a single offense for which but one penalty is provided. *Clark* v. *Commonwealth*, 135 Va., *infra*.

The alleged conviction of April 5, 1937, is further attacked on the ground that petitioner did not have the aid of counsel on his trial. That ground is the sole basis for the attack upon the conviction of July 6, 1938, and one of the grounds for the challenge of the conviction of January 8, 1941. There is no evidence before us relative to that question, and consequently it will not be considered.

The sentence of January 8, 1941, is further challenged on the ground that the indictment charged Morrison with burglary, Va. Code, 1950, § 18-159, and that his plea of guilty was equivalent to a conviction of burglary; whereas, his conviction of housebreaking and larceny was for an entirely different offense. For the same reason he asserts that he could not be found guilty of larceny.

The overt acts constituting the crime of burglary, Code, 1950, § 18-159, and constituting housebreaking with intent to commit larceny, Code, § 18-161, now defined as statutory burglary, may be the same, that is, the breaking and entering. The intent with which the particular crime is committed, the character of the house entered, and the time of the occurrence determine the nature and degree of the crime. Proof of the intent, of the character of the house entered, and of the time of the breaking and entering, or entering without breaking, are matters of evidence. One charged with breaking and entering a dwelling house of another in the nighttime, with intent to commit larceny, and the commission of larceny at one and the same time may, depending upon the evidence, be acquitted of

burglary and found guilty of housebreaking, or guilty of larceny, as the proof justifies. *Vaughan* v. *Commonwealth*, 17 Gratt. (58 Va.) 576; *Clarke* v. *Commonwealth*, 25 Gratt. (66 Va.) 908, 920.

The purpose of hearing evidence is to determine whether an accused is guilty or not and the measure of guilt. One pleading guilty should not be found guilty of a higher offense than the evidence shows that he committed.

Under his plea of guilty of burglary, Morrison might have been sentenced to the highest punishment imposed for that act. However, in the exercise of its jurisdiction and power, the trial court properly heard the evidence and, in its discretion found the accused guilty of the offense shown to have been committed by him. A jury, in the exercise of its power, may find an accused guilty of an offense embraced in an indictment, though of lesser degree than that shown by the evidence. *Puckett* v. *Commonwealth*, 182 Va. 237, 242, 28 S. E. 2d 619.

The allegation of larceny in the indictment for housebreaking is simply to show the intent to commit a felony, the intent being an essential element of those crimes. *Speers* v. *Commonwealth*, 17 Gratt. (58 Va.) 570. Here, the indictment charged Morrison with breaking and entering with intent to commit larceny, and stealing property, at the same time, as one continuous act. But one penalty is annexed to that offense, the sentence of January 8, 1941, was for only one offense, and the penalty thereby fixed was within the limit prescribed by law. Where larceny has actually been committed that is the best evidence of the intent with which the breaking was committed. *Clark* v. *Commonwealth*, 135 Va. 490, 496, 115 S. E. 704.

Morrison was charged with an offense committed on the night of a certain day. If committed on that portion of the specified day, it was a capital offense. Section 18-159. If done in the daytime, it was a lesser offense. Sections 18-160 and 18-161. In holding, after hearing the evidence, that he was guilty of a lesser offense than burglary, there appears no possibility of injury to the petitioner. On the contrary, while the petitioner can never be prejudiced by it, he might have been benefited by a conviction of the lesser offense. *Curran's Case*, 7 Gratt. (48 Va.) 619, 624.

No objection was made at the time of the imposition of either of the sentences now attacked. No writ of error was applied for in either case, and petitioner has fully served the sentences imposed in 1937, 1938 and 1941. The trial court had jurisdiction over each

of the offenses alleged and the petitioner. The punishment in each case was within the limit prescribed by law. An inspection of the record in each of the cases forces us to the conclusion that petitioner entered a plea of guilty to the 1937* offense, and that his conviction in 1941 was based on the evidence heard by the trial court. The burden was on petitioner to show otherwise, and that he has failed to carry.

It will serve no good purpose and would unduly prolong this opinion to review authorities relied on by petitioner's counsel to support his views. There is a conflict in other jurisdictions as to whether one charged with burglary may be convicted of a lesser offense; but on reason and principle we adhere to the rule applied in Virginia.

For the foregoing reasons, we are of opinion to reverse the judgment of the Circuit Court of Hanover County and dismiss the petition for a writ of *habeas corpus*.

*Reversed and dismissed.*

---

* In an appendix to his brief, dehors the record, the Attorney General submitted a letter from the Clerk of the Circuit Court of Henry County, and an affidavit from the Director of the Bureau of Records and Criminal Identification of the State Penitentiary.

The letter of the Clerk, dated October 3, 1958, subsequent to the order of the Circuit Court of Hanover County, states that there was no record of an order of conviction against petitioner as of April 5, 1937, in the Circuit Court of Henry County. It said that the copy of the purported order of April 5, 1937, in evidence, was incorrect. Enclosed in the letter was a certified photostatic copy of an order of conviction entered April 6, 1937, on an indictment returned by the grand jury April 5, 1937, in Henry County. The corrected copy of the order recites that the petitioner was "led to a bar in the custody of the Jailor of this Court, thereof arraigned plead guilty to the indictment and the Court and with the consent of the attorney for the Commonwealth proceeding to hear and determine this cause without the intervention of a jury, after hearing the evidence and argument of counsel, doth find the prisoner guilty of Housebreaking and Larceny * * *."

In the affidavit by Carter Mann, Director—Bureau of Records and Criminal Identification, it is stated that Morrison was committed and received in the penitentiary on the court order showing conviction on April 6, 1937, and that was the only order received from Henry County during 1937, and the only one for that year upon which the recidivist conviction of October 25, 1938, was had.