PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Alston and McCullough
Argued at Alexandria, Virginia

WILLIAM GABRIEL STARRS

                                                  OPINION BY
v.      Record No. 2516-11-4          CHIEF JUDGE WALTER S. FELTON, JR.
                                                  OCTOBER 23, 2012

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Cary S. Greenberg (Caroline E. Costle; Timothy R. Bradley;
GreenbergCostle, PC, on briefs), for appellant.

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

William Gabriel Starrs ("appellant") appeals his convictions of possession with intent to

distribute methylenedioxymethamphetamine ("ecstasy") and possession with intent to distribute

lysergic acid diethylamide ("LSD"), in violation of Code § 18.2-248(A). Appellant contends that

the Circuit Court of Fairfax County ("trial court") erred by not withholding a finding of guilt and

deferring disposition of his charges for future dismissal.

I. BACKGROUND

On March 21, 2011, a Fairfax County grand jury indicted appellant for possession with

intent to distribute ecstasy and possession with intent to distribute LSD.[1] At a hearing before the

trial court on June 15, 2011, appellant pled guilty to both indictments. The trial court accepted

appellant's "pleas of guilty and made them a part of the record after making specific inquiries of

[appellant] and determining that the pleas were made voluntarily and with full understanding of the

_____

[1] Ecstasy and LSD are Schedule I controlled substances. See Code § 54.1-3446(3).

nature of the charges and the consequences of the pleas." The trial court found there was "overwhelming and sufficient evidence for a finding of guilt." However, at appellant's request, the trial court "withheld a finding of guilt pending sentencing . . . to permit [c]ounsel for [appellant] to make an argument related to the Supreme Court of Virginia's decision in [Hernandez v. Commonwealth, 281 Va. 222, 707 S.E.2d 273 (2011)]." The trial court continued the case to October 28, 2011 for argument and sentencing.

Two days prior to the sentencing hearing, appellant filed a memorandum seeking "to not become a convicted felon." Specifically, appellant requested that the trial court "withhold a finding of guilt on the charges in this matter and continue this case for a period of time, place [appellant] on terms of release, and upon review, consider whether to dismiss the case without any convictions."

At his sentencing hearing on October 28, 2011, appellant confirmed that his "entire purpose" in seeking a deferred disposition was "in the hope that, based on [his] good behavior and other proof of rehabilitation, that [the trial court] would ultimately dismiss the charges." The trial court found that, pursuant to Hernandez, it "[u]nquestionably" had the authority to continue the disposition of the case. However, the trial court concluded it had "no authority now or later to *dismiss* the case." (Emphasis added). The trial court stated:

> I want to be absolutely clear that I am not exercising my discretion here; I find I do not have discretion. I have discretion to continue this; I can absolutely continue this for two years.
> But at the end of two years, my only option would be to sentence [appellant] on the charges in which he entered pleas of guilty. And, as [appellant's counsel] has confirmed, the whole purpose in seeking the deferral is ultimately to obtain a dismissal.

The trial court, citing Taylor v. Commonwealth, 58 Va. App. 435, 440, 445, 449, 710 S.E.2d 518, 520, 523, 525 (2011), concluded that:

> [I]n my view I do not have the authority, absent a Commonwealth motion, ever to dismiss a case where the defendant

has entered a plea of guilty. <u>Taylor</u> is on point because in <u>Taylor</u> the evidence established the defendant's guilt, and here [appellant's] plea establishes [his] guilt.

\* \* \* \* \* \* \*

Given that [appellant] has admitted his guilt and has entered a guilty plea and the Commonwealth has proffered sufficient evidence in support of his plea, I could not find that the evidence was lacking and warranted dismissal. And if dismissal is not an option, there's no bona fide reason to defer disposition.

Accordingly, the trial court entered a finding of guilt and convicted appellant of possession with intent to distribute ecstasy and possession with intent to distribute LSD, in violation of Code § 18.2-248(A). The trial court sentenced appellant to five years' imprisonment on each charge, ordered the sentences to run concurrently, and suspended the entire length of confinement for each sentence.

## II. ANALYSIS[2]

Appellant contends that the trial court erred by finding it did not "ha[ve] the authority to withhold a finding of guilt and defer adjudication in [appellant's] case for possible future dismissal of the charges." Opening Br. at 3.

---

[2] The Commonwealth initially contends that appellant waived his challenge to the trial court's ruling by pleading guilty to the charges against him. "Where a conviction is rendered upon a voluntary and intelligent guilty plea and a punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal." <u>Smith v. Commonwealth</u>, 59 Va. App. 710, 725, 722 S.E.2d 310, 317 (2012). However, "[a] guilty plea waives all objections to non-jurisdictional defects that occurred *before* the [entry of the guilty] plea." <u>Williams v. Commonwealth</u>, 33 Va. App. 725, 728, 536 S.E.2d 916, 918 (2000) (emphasis added); <u>see also</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973) (when defendant has admitted in open court that he is guilty of the offense charged, he may not thereafter raise independent claims regarding deprivation of constitutional rights that occurred *prior* to entry of guilty plea); <u>Beaver v. Commonwealth</u>, 232 Va. 521, 527, 352 S.E.2d 342, 345 (1987) (accused appealing death sentence may not complain of non-jurisdictional defects that occurred *prior* to guilty plea); <u>Hill v. Commonwealth</u>, 47 Va. App. 667, 673-74, 626 S.E.2d 459, 462-63 (2006) (accused appealing conviction may not challenge denial of motion to suppress that occurred *prior* to entry of guilty plea). Here, appellant assigns error to a ruling of the trial court that occurred *after* he entered his guilty pleas. Accordingly, he did not waive his challenge on appeal to the trial court's adverse ruling.

Whether the trial court erred by concluding it did not have the authority to withhold a finding of guilt and to defer appellant's adjudication in order to dismiss the indictment against him is a pure question of law that this Court reviews *de novo*. Moreau v. Fuller, 276 Va. 127, 133, 661 S.E.2d 841, 845 (2008).

As recognized by this Court in Epps v. Commonwealth, 59 Va. App. 71, 717 S.E.2d 151 (2011), the Supreme Court in Hernandez held that

> "*during the interval between the conclusion of the evidence and the entry of a written order adjudicating the defendant guilty*, the circuit court ha[s] the inherent power, in the exercise of its discretion, to take the matter under advisement and to continue the case for future disposition, subject to such lawful conditions as the court might prescribe."

Id. at 81, 717 S.E.2d at 156 (emphasis added) (quoting Hernandez, 281 Va. at 226, 707 S.E.2d at 275). The Supreme Court expressly held that "the mere statement by a judge that the evidence was sufficient to support a conviction" did not preclude deferred disposition because it did not constitute a "formal adjudication of guilt." Hernandez, 281 Va. at 225-26, 707 S.E.2d at 275. Appellant contends the trial court erred by not deferring his disposition for future dismissal, arguing that, pursuant to Hernandez, "a trial court has the inherent authority to withhold a written order of adjudication, take the matter under advisement, and defer disposition to another date *in contemplation of a dismissal*." Opening Br. at 5-6 (emphasis added).

Contrary to appellant's assertion, however, the Supreme Court in Hernandez explicitly declined to address "the question whether a court may defer judgment and continue a case *with a promise of a particular disposition* at a later date." Hernandez, 281 Va. at 225, 707 S.E.2d at 274 (emphasis added). In Taylor, this Court emphasized "the limited scope of . . . Hernandez":

> In short, Moreau and Hernandez merely hold a trial court has the discretion to continue a case for a future disposition. Neither case addresses what future disposition the court has authority to impose. In other words, neither Moreau nor Hernandez addressed whether the decision ultimately made by the trial court, after the discretionary

> continuance, could be one *acquitting a criminal defendant whose guilt was proved beyond a reasonable doubt.*

Taylor, 58 Va. App. at 449-50, 710 S.E.2d at 525 (emphasis added).

This Court, addressing the question left open in Hernandez, concluded that a trial court "ha[s] no authority –constitutional, common law, or statutory-- to acquit" a defendant "after finding the evidence proved [his] guilt beyond a reasonable doubt." Id. at 450, 710 S.E.2d at 525.

As a practical matter, in the wake of Hernandez and Taylor, trial courts may, notwithstanding a finding of guilt, take a matter under advisement for a variety of long-accepted purposes. For example, courts may, before entering a written order of guilt, examine cases cited by the parties, consider motions for a new trial, or review testimony or notes taken on the bench, in order to ensure the conclusion the court has reached on a point of law or on the facts is correct. What courts may not do, in the absence of a statutory grant of authority, is defer disposition upon set terms and, upon satisfaction of those terms, later acquit a defendant who was determined to be guilty of the offense.

Appellant seeks to distinguish the holding in Taylor from the facts presented in the record on appeal by noting that Taylor moved the trial court to defer disposition and dismiss the felony charge against her *after* the court entered a written order finding her guilty. Id. Here, appellant moved the trial court to defer disposition and to dismiss the charges against him *prior* to the trial court's entry of a written order adjudicating him guilty. Appellant contends this distinction afforded the trial court the discretion, prior to the entry of a written order adjudicating him guilty, to defer disposition and dismiss the charges against him. See Hernandez, 281 Va. at 226, 707 S.E.2d at 275.

Appellant correctly states that Taylor held that a trial court has no discretion "to acquit a criminal defendant *after* finding the evidence proved [his] guilt." Taylor, 58 Va. App. at 443, 710 S.E.2d at 522 (emphasis added). Similarly, this Court in Epps held that a trial court does not have discretion, *after* entering a written order adjudicating the defendant guilty, to later "vacate

- 5 -

[the defendant's] conviction solely as an act of judicial clemency." 59 Va. App. at 84, 717 S.E.2d at 157. However, appellant disregards the rationale articulated by the Court in Taylor and Epps, namely, that "nothing in the separation-of-powers doctrine suggests a court has the inherent power to acquit a defendant of a crime that the evidence proved beyond a reasonable doubt [he] committed." Taylor, 58 Va. App. at 440, 710 S.E.2d at 520; see also id. at 441, 710 S.E.2d at 521 ("[A] court simply has no 'authority to free guilty defendants,' whose guilt was proved in a lawful trial." (quoting Sorrells v. United States, 287 U.S. 435, 449 (1932))); Epps, 59 Va. App. at 77, 717 S.E.2d at 154 ("'[A] Virginia court *cannot refuse to convict a guilty defendant* merely because it questions the category of offense assigned by the legislature, considers the range of statutory punishment too harsh, or believes certain guilty offenders undeserving of a criminal conviction.'" (quoting Taylor, 58 Va. App. at 442, 710 S.E.2d at 521 (emphasis added))).

Here, appellant's "'voluntary and intelligent plea[s] of guilty . . . [were], in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law.'" Kibert v. Commonwealth, 216 Va. 660, 664, 222 S.E.2d 790, 793 (1976) (quoting Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969)). Appellant's guilty pleas "'[were] a conviction or the equivalent of a conviction of the highest order, the effect of which [was] to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime sufficiently charged in the indictment or information.'" Hobson v. Youell, 177 Va. 906, 912, 15 S.E.2d 76, 78 (1941) (quoting 14 Am. Jur. 952); see also Crutchfield v. Commonwealth, 187 Va. 291, 296, 46 S.E.2d 340, 342 (1948) (a "plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the offense to which it is directed"). When the trial court accepted appellant's knowing and voluntary guilty pleas and entered his guilty pleas on the record, it thereafter had no discretion to dismiss the charges against him. See Taylor, 58

Va. App. at 445, 710 S.E.2d at 523 (neither the Virginia Constitution, the common law, nor Virginia statutes "authorize courts to refuse to convict a criminal defendant (for reasons wholly unrelated to guilt or innocence) where the defendant's guilt was proved beyond a reasonable doubt").

More broadly, appellant's argument urges us,

> [i]n effect, . . . to enter the domain of penology, and more particularly that tantalizing aspect of it, the proper apportionment of punishment. Whatever views may be entertained regarding severity of punishment, whether one believes in its efficacy or its futility . . . these are peculiarly questions of legislative policy.

Gore v. United States, 357 U.S. 386, 393 (1958). The legislature is best situated to make the broad and complex value judgments necessary to fix the type and maximum length of sentences for particular crimes. Under our state and federal constitutions, it is also the proper branch to do so. We have previously noted the elementary fact that, in Virginia, "[t]rial and appellate courts 'do not sit as a "super legislature" to second-guess' legislative choices concerning penological policy and sentencing ranges." Jackson v. Commonwealth, 44 Va. App. 218, 226, 604 S.E.2d 122, 126 (2004) (quoting Ewing v. California, 538 U.S. 11, 28 (2003)). Consequently, we must decline appellant's invitation to rewrite a host of statutes.

For the reasons stated above, we conclude that the trial court did not err by finding it lacked the authority to defer appellant's disposition solely in order to dismiss the charges against him. Accordingly, we affirm the judgment of the trial court.

Affirmed.