PRESENT: All the Justices

WILLIAM GABRIEL STARRS

                                  OPINION BY

v.  Record No. 122028     CHIEF JUSTICE CYNTHIA D. KINSER
                               January 10, 2014

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Upon accepting a guilty plea and entering it in the record, does a trial court nevertheless retain the inherent authority to withhold a finding of guilt and defer the disposition?  That question is the issue in this appeal.  We answer the question in the affirmative because until the court enters an order adjudicating guilt, it has not exercised its judicial power to render judgment.  Therefore, we will reverse the judgment of the Court of Appeals of Virginia.

I.  RELEVANT FACTS AND PROCEEDINGS

In March 2011, William Gabriel Starrs was indicted in the Circuit Court of Fairfax County on two counts of felony possession of a controlled substance with intent to distribute, in violation of Code § 18.2-248.  Three months later, Starrs entered pleas of guilty to both felonies pursuant to similar plea agreements.  See Rule 3A:8.  In those agreements, Starrs admitted that he committed the offenses charged and agreed that "the only issue to be decided by the [c]ourt [was] punishment." The plea agreements also included the following proviso: "I reserve the right to seek a disposition based upon the . . .

decision in Hernandez [v. Commonwealth, 281 Va. 222, 707 S.E.2d 273 (2011)]."

After Starrs entered his guilty pleas, the circuit court entered an order, stating in relevant part:

> The [c]ourt accepted the pleas of guilty and made them a part of the record after . . . determining that the pleas were made voluntarily and with full understanding of the nature of the charges and the consequences of the pleas.
>
> In consideration of [Starrs'] pleas of guilty and the evidence proffered, the [c]ourt finds that there is overwhelming and sufficient evidence for a finding of guilt. At the request of [Starrs], the [c]ourt withheld a finding of guilt pending sentencing in order to permit [Starrs] to make an argument related to the . . . decision in . . . Hernandez. By withholding a finding of guilt, it is not the [c]ourt's intention to express a view as to what decision the [c]ourt will ultimately make in this matter.

In subsequent memoranda, Starrs asked the circuit court to withhold a finding of guilt and continue the case for a period of time, release him under certain terms and conditions, and at the end of that period to "consider dismissal of the case in lieu of a conviction." At the sentencing hearing, Starrs made the same request and, citing Hernandez, argued that the circuit court had the inherent authority to continue the case and consider dismissal of the charges. In response to questions from the circuit court, Starrs agreed that his "entire purpose"

2

in asking for this type of disposition was "in the hope that [the circuit court] would ultimately dismiss the charges."

The circuit court denied Starrs' request. Citing <u>Taylor v. Commonwealth</u>, 58 Va. App. 435, 710 S.E.2d 518 (2011), the court concluded that in the absence of a motion by the Commonwealth, it did not have the authority to dismiss the criminal charges then or later because "the defendant's plea[s] establishe[d] the defendant's guilt." The court noted that it also had the authority to reject the defendant's pleas, but that such rejection would not result in a dismissal of the charges. The court stated:

> Since ultimate dismissal is [Starrs'] goal in seeking a deferral of entry of a judgment and since I find I do not have the authority to do that, the request for deferral is denied.
>
> I want to be absolutely clear that I am not exercising my discretion here; I find I do not have discretion. I have discretion to continue this; I can absolutely continue this for two years.
>
> But at the end of two years, my only option would be to sentence [Starrs] on the charges in which he entered pleas of guilty. And, as [Starrs] has confirmed, the whole purpose in seeking the deferral is ultimately to obtain a dismissal.
>
> . . . .
>
> Given that [Starrs] has admitted his guilt and has entered a guilty plea and the Commonwealth has proffered sufficient evidence in support of his plea, I could not

3

> find that the evidence was lacking and warranted dismissal. And if dismissal is not an option, there's no bona fide reason to defer disposition.

The circuit court subsequently entered an order finding Starrs guilty and sentencing him to five years of imprisonment on each charge, to run concurrently, with all time suspended for five years.

Starrs appealed the circuit court's judgment to the Court of Appeals of Virginia, arguing that the circuit court erred in finding it lacked the authority "to withhold a finding of guilt and defer adjudication . . . for possible future dismissal of the charges." Starrs v. Commonwealth, 61 Va. App. 39, 43, 733 S.E.2d 142, 144 (2012) (internal quotation marks omitted). Recognizing that a trial court has the inherent authority under Hernandez to continue a case for future disposition, the Court of Appeals nevertheless rejected Starrs' argument that a trial court can dismiss criminal charges after accepting a defendant's guilty plea but before entry of a written order adjudicating guilt. Id. at 45, 733 S.E.2d at 145. Citing Kibert v. Commonwealth, 216 Va. 660, 222 S.E.2d 790 (1976), and Hobson v. Youell, 177 Va. 906, 15 S.E.2d 76 (1941), the Court of Appeals held that Starrs' guilty pleas, accepted by the circuit court and entered in the record, constituted convictions for the offenses with which he was charged. Starrs, 61 Va. App. at 46,

4

733 S.E.2d at 145-46. The Court of Appeals further held that "[w]hen the [circuit] court accepted [Starrs'] knowing and voluntary guilty pleas and entered his guilty pleas on the record, it thereafter had no discretion to dismiss the charges against him." Id. at 46, 733 S.E.2d at 146.

We granted Starrs this appeal.

## II. ANALYSIS

We have previously held that "during the interval between the conclusion of the evidence and the entry of a written order adjudicating [a] defendant guilty, [a trial court has] the inherent power, in the exercise of its discretion, to take the matter under advisement and to continue the case for future disposition." Hernandez, 281 Va. at 226, 707 S.E.2d at 275. The issue now before us is whether the circuit court, after accepting Starrs' guilty pleas and entering them in the record through a written order, likewise retained the inherent authority to withhold a finding of guilt and defer the disposition. That issue requires us to determine whether the circuit court rendered a judgment adjudicating Starrs guilty of the charged offenses. These are questions of law that we review de novo. Id. at 224, 707 S.E.2d at 274.

To answer these questions, we must revisit the judiciary's essential function and inherent power. Under the Constitution of Virginia, judicial power is "vested in a Supreme Court and in

5

such other courts of original or appellate jurisdiction subordinate to the Supreme Court as the General Assembly may from time to time establish."  Va. Const. art. VI, § 1.

"[T]he essential function of the judiciary [is] the act of rendering judgment in matters properly before it."  Moreau v. Fuller, 276 Va. 127, 136, 661 S.E.2d 841, 846 (2008).  "'The rendition of a judgment is the judicial act of the court.'"  In re Commonwealth's Attorney, 265 Va. 313, 319, 576 S.E.2d 458, 462 (2003) (quoting Rollins v. Bazile, 205 Va. 613, 617, 139 S.E.2d 114, 117 (1964)).  "A judgment is the determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding."  Rollins, 205 Va. at 617, 139 S.E.2d at 117 (internal quotation marks omitted).

We have explained that

> [t]he judiciary's inherent power derives from its existence as an institution entrusted with the function of rendering judgment. To deny this function is to deny the very institution itself. The court's inherent power has been recognized to extend to matters "incident to the exercise of the judicial power which is vested" in it.

Moreau, 276 Va. at 136, 661 S.E.2d at 846 (quoting Button v. Day, 204 Va. 547, 553, 132 S.E.2d 292, 296 (1963)).

6

Asserting that Moreau, Hernandez, and In re Commonwealth's Attorney are dispositive, Starrs argues that the circuit court had the inherent authority to defer the disposition of his case and consider a dismissal of the charges. Starrs contends that the circuit court's power to render judgment, including a judgment dismissing the charges, remained until the court entered a written order adjudicating guilt. Thus, according to Starrs, neither a finding that evidence is sufficient to support a conviction nor the acceptance of a guilty plea strips a trial court of its inherent authority to decide "whether, when and how to render a judgment."

In Moreau, a juvenile and domestic relations district court judge (the district judge) found evidence sufficient to convict the defendant but withheld a judgment of conviction, taking the matter under advisement for disposition at a later date. 276 Va. at 131, 661 S.E.2d at 843. A circuit court issued a writ of mandamus requested by the Commonwealth's Attorney, holding that "a determination as to the guilt or innocence of the accused [was] a ministerial and not a discretionary judicial function" once the district judge found sufficient evidence to convict. Id. at 132-33, 661 S.E.2d at 844.

On appeal, this Court reversed the circuit court's judgment and vacated the writ of mandamus. Id. at 138, 661 S.E.2d at 847. We concluded that after hearing evidence in the underlying

7

criminal case, "it was within the inherent authority of the [district] court to 'take the matter under advisement' or 'continue the case for disposition' at a later date" because "[s]uch practices involve the essence of rendering judgment." Id. at 137, 661 S.E.2d at 846-47. We further held that even after finding evidence sufficient to convict, a court's "determination as to the guilt or innocence of the accused" is not merely a ministerial function. Id. at 138, 661 S.E.2d at 847. "The very essence of adjudication and entry of judgment involves the discretionary power of the court."[1] Id.

Similarly, in Hernandez, we held that "[u]ntil [a trial] court enters a written order finding the defendant guilty of a crime, the court has the inherent authority to take the matter under advisement or to continue the case for disposition at a later date." 281 Va. at 226, 707 S.E.2d at 275. We further

---

[1] The Court added a caveat, however. "What may in a proper case be reasonably subject to challenge is whether the judge may decline to render judgment and continue the case with or without terms akin to probation status with the promise from the court of a particular disposition at a later date." Id. at 137, 661 S.E.2d at 847. That question was not at issue in Moreau because the underlying order merely stated that the evidence was sufficient to convict and the case was continued to a date certain without terms, conditions or promise of a certain disposition. Id. at 138, 661 S.E.2d at 847. The Court reiterated this caveat in Hernandez, which also did not involve such a situation. 281 Va. at 225, 707 S.E.2d at 274.

By contrast, in Maldonado-Mejia v. Commonwealth, 286 Va. ___, ___, ___ S.E.2d ___, ___ (2013) (this day decided), the Commonwealth and the defendant entered into a plea agreement providing for such a disposition.

8

held that a trial court's statement that the evidence was sufficient to convict does not amount to a "judgment of conviction" or "a formal adjudication of guilt."  Id. at 225-26, 707 S.E.2d at 275.  However, "once a court has entered a judgment of conviction of a crime, the question of the penalty to be imposed is entirely within the province of the legislature, and the court has no inherent authority to depart from the range of punishment legislatively prescribed."  Id. at 225, 707 S.E.2d at 275.  Thus, we held that the trial court in Hernandez erred when it concluded, after finding the evidence sufficient to convict at the conclusion of a bench trial, that it did not have the inherent authority to

> defer disposition of the case for a period
> of time to be fixed by the court, to
> continue the defendant's bond . . . subject
> to such conditions as the court might
> prescribe, and at the end of that period to
> consider dismissal of the case in lieu of a
> conviction if the defendant complied with
> all the prescribed conditions.

Id. at 224, 707 S.E.2d at 274.

While neither Moreau nor Hernandez involved a guilty plea, we have held that mandamus does not lie to compel a trial court "to enter a judgment of guilt and . . . proceed to sentencing" when a defendant pleads guilty to the charged offense.  In re Commonwealth's Attorney, 265 Va. at 315, 576 S.E.2d at 460.  In that case, two defendants pled guilty to grand larceny.  Id. at

9

315-16, 576 S.E.2d at 460. The trial court, however, did not expressly accept either plea, instead taking them under advisement. Id. To compel the trial court to enter findings of guilt according to the defendants' pleas, the Commonwealth's Attorney filed petitions for a writ of prohibition and/or mandamus in this Court. Id. at 315-16, 576 S.E.2d at 460-61. The Commonwealth's Attorney argued that once the defendants had pled guilty, "the [trial] court had 'nothing to do' except enter judgment and fix punishment" and that there was no authority for a trial court "to defer or take under advisement a finding of guilt after a defendant pleads guilty." Id. at 318, 576 S.E.2d at 462.

The Court dismissed the petitions, holding that a writ of mandamus did not lie because the Commonwealth's Attorney was requesting us "to fix and prescribe the judgment to be rendered."[2] Id. at 319, 576 S.E.2d at 462 (internal quotation marks omitted). The Commonwealth's Attorney "ask[ed] us to control [the trial court's] exercise of judicial discretion by prescribing the precise judgment to be entered, a judgment of guilt." Id. We explained, however, that "[r]equiring a court or judge to enter a certain judgment unquestionably infringes upon the exercise of judicial discretion." Id.

---

[2] For reasons not relevant to the present appeal, the Court also held that a writ of prohibition did not lie. Id. at 317, 576 S.E.2d at 461.

Unlike Starrs, the Commonwealth contends that the case now before us differs from Moreau, Hernandez, and In re Commonwealth's Attorney in one fundamental respect: in a written order, the circuit court accepted Starrs' guilty pleas and entered them on the record. According to the Commonwealth, that is a legally significant act under Virginia law that differentiates this case from those in which a trial court determines that evidence is sufficient to convict, or takes a defendant's guilty plea under advisement. Relying on Kibert, the Commonwealth argues that a guilty plea "'accepted and entered by the court[] is a conviction or the equivalent of a conviction of the offense to which it is directed.'" 216 Va. at 664, 222 S.E.2d at 793 (quoting Crutchfield v. Commonwealth, 187 Va. 291, 296, 46 S.E.2d 340, 342 (1948)). Thus, the Commonwealth contends that the circuit court had no authority to do anything other than impose the punishment prescribed by law.

As the Commonwealth asserts, we have held that "'a voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law.'" Id. (quoting Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969)); see also Hern v. Cox, 212 Va. 644, 646, 186 S.E.2d 85, 87 (1972) (rejecting a habeas corpus petitioner's claim that the record failed to show a conviction because the trial court implicitly accepted and

11

entered the petitioner's guilty plea, as evidenced by the court's imposition of punishment).  "The effect of the plea of guilty . . . is a record admission of whatever is well charged in the indictment. . . . It admits all the criminating facts alleged and the statutory elements of the offense charged." Hobson, 177 Va. at 912, 15 S.E.2d at 78 (internal quotation marks omitted).

In Kibert, we rejected the argument that a trial court was required to hear evidence to sustain a conviction based upon a guilty plea.  We explained that "a 'plea of guilty eliminates the necessity for proof, in so far as fixing the degree of the crime is concerned.'"  216 Va. at 664, 222 S.E.2d at 792 (quoting Hobson, 177 Va. at 913, 15 S.E.2d at 78-79).  A defendant pleading guilty supplies "the necessary proof," and evidence therefore is generally not required for a trial court to proceed to judgment upon a guilty plea.  Hobson, 177 Va. at 912-13, 15 S.E.2d at 78; Kibert, 216 Va. at 664, 222 S.E.2d at 793 ("[T]he introduction of evidence to sustain a conviction upon a guilty plea is . . . unnecessary in any criminal case.").

We have repeatedly held, however, that a trial court may hear evidence "as to aggravation or mitigation of the offense." Hobson, 177 Va. at 912-13, 15 S.E.2d at 78.  As we explained in Kibert, "[i]n accepting a plea of guilty," a trial court is always "free to hear the evidence [it] deems necessary to an

12

understanding of the case and to the fixing of an appropriate sentence." 216 Va. at 664, 222 S.E.2d at 793. Citing Smyth v. Morrison, 200 Va. 728, 107 S.E.2d 430 (1959), we further explained that "a trial court has power, in its discretion, to hear evidence upon a plea of guilty and to convict the accused of a lesser offense." Id. at 665, 222 S.E.2d at 793. "The purpose of hearing evidence is to determine whether an accused is guilty or not and the measure of guilt." Smyth, 200 Va. at 734, 107 S.E.2d at 434.

Our precedents make clear that a guilty plea obviates the need for evidence to establish guilt, but a trial court may nevertheless hear evidence and actually convict the accused of a lesser offense. Thus, the mere acceptance and entry of a guilty plea does not constitute "a formal adjudication of guilt." Hernandez, 281 Va. at 225-26, 707 S.E.2d at 275.[3] If it did, a trial court would have no authority to hear evidence and convict of a lesser offense. See Smyth, 200 Va. at 734, 107 S.E.2d at 434-35. Rather, a defendant's guilty plea supplies the necessary proof and a trial court, after accepting and entering a guilty plea, may "proceed to judgment," i.e., may proceed to adjudicate the defendant guilty and impose the punishment

---

[3] In Maldonado-Mejia, 286 Va. at ___, ___ S.E.2d at ___ (this day decided), the trial court accepted and entered the defendant's guilty plea but did not enter a written order adjudicating the defendant guilty of the charged offense.

13

prescribed by law.  <u>Hobson</u>, 177 Va. at 912-13, 15 S.E.2d at 78;

<u>see</u> <u>also</u> <u>Kercheval v. United States</u>, 274 U.S. 220, 223-24 (1927)

("Like a verdict of a jury[,] [a] plea of guilty . . . . is

conclusive" and "the court has nothing to do but <u>give judgment</u>

and sentence.") (emphasis added).  The same is required when a

jury has returned a verdict of guilty: the trial court must

still enter judgment on the verdict.  <u>See</u> <u>Ramdass v.</u>

<u>Commonwealth</u>, 248 Va. 518, 520, 450 S.E.2d 360, 361 (1994); <u>see</u>

<u>also</u> <u>Lundin v. Superior Court for King Cnty.</u>, 174 P. 473, 474

(Wash. 1918) ("[I]t is elementary that a plea of guilty has the

same effect in law as a verdict of guilty.").

   While a guilty plea is "a self-supplied conviction,"

<u>Kibert</u>, 216 Va. at 664, 222 S.E.2d at 793 (internal quotation

marks omitted), it is only when a trial court has entered "a

written order finding the defendant guilty," <u>Hernandez</u>, 281 Va.

at 226, 707 S.E.2d at 275, that it has made a "determination of

the rights of the parties upon [a] matter[] submitted to it in a

proceeding."[4]  <u>In re Commonwealth's Attorney</u>, 265 Va. at 319, 576

---

[4] We have construed the term "conviction" in several
different contexts.  In <u>Ramdass</u>, when determining the meaning of
the term "convicted" in Code § 53.1-151(B1) concerning
ineligibility for parole, we held that a jury verdict of guilty
upon which no judgment had been entered could not be "considered
as a conviction under" that statute.  248 Va. at 520, 450 S.E.2d
at 361.  Similarly, in <u>Smith v. Commonwealth</u>, 134 Va. 589, 113
S.E. 707 (1922), the Court concluded that when a defendant pled
not guilty, the term "convicted" in former Code § 2705
addressing the removal of an elected or appointed official meant

14

S.E.2d at 462. Until the court enters such an order, it "has the inherent authority to take the matter under advisement or to continue the case for disposition at a later date." Hernandez, 281 Va. at 226, 707 S.E.2d at 275. Once a trial court enters a formal adjudication of guilt, it must impose the punishment prescribed by the legislature; it has no inherent authority to depart from that range of punishment. Id. at 225, 707 S.E.2d at 275; see also Moreau, 276 Va. at 136, 661 S.E.2d at 846 ("[T]he judiciary may not assume the function of statutory enactment, a power unique to the legislative function."); In re Commonwealth of Virginia, 229 Va. 159, 163, 326 S.E.2d 695, 698 (1985) (issuing writ of mandamus to compel a trial court to impose a mandatory sentence because the court had no authority to refuse to do so).

---

"convicted by judgment, and require[d] a judgment of conviction, in addition to the verdict of the jury." Id. at 592, 113 S.E. at 708.

In contrast, we held in Jewel v. Commonwealth, 260 Va. 430, 536 S.E.2d 905 (2000), that "for the limited purposes of Code § 19.2-269," a defendant's guilty plea accepted by the trial court constituted a "conviction" and an order entering a finding of guilt was unnecessary. Id. at 433, 536 S.E.2d at 906. We concluded that the decisions in Smith and Ramdass were not dispositive, in part, because "they did not involve a guilty plea entered by the defendant in the prior proceedings." Id. at 432, 536 S.E.2d at 906. To the extent that Jewel can be read to suggest that a trial court formally adjudicates a defendant's guilt by accepting a plea of guilty and entering it in the record, it is overruled.

15

We therefore conclude that the circuit court, upon accepting and entering Starrs' guilty pleas in a written order, still retained the inherent authority to withhold a finding of guilt, to defer the disposition, and to consider an outcome other than a felony conviction. Indeed, the court stated in its written order that it "withheld a finding of guilt pending sentencing in order to permit [Starrs] to make an argument related to the . . . decision in . . . Hernandez." To hold that the circuit court, after accepting and entering Starrs' guilty pleas, had no discretion to do anything other than impose the legislatively prescribed punishment would be tantamount to controlling the "exercise of judicial discretion by prescribing the precise judgment to be entered, a judgment of guilt." In re Commonwealth's Attorney, 265 Va. at 319, 576 S.E.2d at 462.

### III. CONCLUSION

For the reasons stated, we conclude that the circuit court's accepting and entering Starrs' guilty pleas in a written order was not a formal adjudication of guilt. Thus, the court erred in concluding that it no longer had the inherent authority to consider any disposition other than to impose the legislatively prescribed punishment.

In reaching this conclusion, we emphasize, however, that while the power to try criminal offenses and to impose the prescribed punishment is "judicial," the "power to enforce" does

16

not include the inherent "discretion to permanently refuse to do so." Ex parte United States, 242 U.S. 27, 41-42 (1916).

> [I]f it be that the plain legislative command fixing a specific punishment for crime is subject to be permanently set aside by an implied judicial power upon considerations extraneous to the legality of the conviction, it would seem necessarily to follow that there could be likewise implied a discretionary authority to permanently refuse to try a criminal charge because of the conclusion that a particular act made criminal by law ought not to be treated as criminal. And thus it would come to pass that the possession by the judicial department of power to permanently refuse to enforce a law would result in the destruction of the conceded powers of the other departments.

Id. at 42.

Our decision today does not traverse the separation of powers and "enter the domain of penology [and] questions of legislative policy." Gore v. United States, 357 U.S. 386, 393 (1958) (citation omitted). Until a trial court enters an order adjudicating guilt, it has not yet exercised its essential function of rendering judgment. Once it has done so, separation-of-powers principles require that punishment be imposed according to the legislature's prescription. See id.

We therefore will reverse the judgment of the Court of Appeals, vacate Starrs' sentences, and remand this case to the Court of Appeals with directions that it remand the case to the

17

circuit court for further proceedings in accordance with this opinion.

<u>Reversed, vacated and remanded</u>.


JUSTICE McCLANAHAN, with whom JUSTICE MIMS joins, dissenting.

The issue in this appeal is not whether a trial court may defer disposition of a criminal case after acceptance of a plea agreement. Rather, the issue is whether the trial court in this case erred in holding that it did not have authority to dismiss the charges against Starrs after accepting the plea agreements and guilty pleas in which Starrs admitted he committed the offenses charged.[1]

Pursuant to Rule 3A:8, the Commonwealth's Attorney entered into plea agreements with Starrs wherein Starrs "admitt[ed] that [he] committed the offense as charged and that the only issue to be decided by the Court is punishment." Upon presentment of the plea agreements, the trial court had the discretion to accept the agreements, reject the agreements, or defer its decision as to the acceptance or rejection of the agreements. Rule 3A:8(c)(2). The trial court did not reject the agreements or

---

[1] The trial court expressly recognized that it had discretion to continue the case, stating, "I have discretion to continue this; I can absolutely continue this for two years." The trial court denied Starrs' request for deferral because the ultimate disposition sought by Starrs was dismissal of the charges against him.

defer its decision on whether to accept or reject the agreements. The trial court accepted the agreements and Starrs' pleas of guilty and entered them into the record after finding "overwhelming and sufficient evidence for a finding of guilt." Pursuant to Rule 3A:8(c)(3), the trial court was thereafter required to "inform the defendant that it will embody in its judgment and sentence the disposition provided for in the agreement[s]." Thus, the trial court fully complied with the procedure governing pleas and plea agreements set forth in Rule 3A:8.

Despite the trial court's acceptance of Starrs' guilty pleas and the plea agreements, and in the absence of a motion to withdraw his guilty pleas under Code § 19.2-296 or set aside the plea agreements, Starrs sought relief from his guilty pleas and the plea agreements. Specifically, Starrs requested that the trial court "continue this case for a period of time, place him on terms of release, and upon review, consider whether to dismiss the case without any convictions." The majority concludes the trial court erred in holding it had no authority to dismiss the charges since this Court has previously stated that "[u]ntil [a trial] court enters a written order finding the defendant guilty of a crime, the court has the inherent authority to take the matter under advisement or to continue the case for disposition at a later date," Hernandez v.

19

<u>Commonwealth</u>, 281 Va. 222, 226, 707 S.E.2d 273, 275 (2011). However, the majority's holding ignores the fact that the trial court already exercised its authority in deciding to accept the plea agreements rather than reject the agreements or defer its decision on whether to accept or reject the agreements.  When a plea bargain is reached, the acceptance of the plea agreement is the "adjudicative element" of the criminal justice process. <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971).

In my view, the language from <u>Hernandez</u> relied upon by the majority has no application to this case.  When this Court stated that the circuit court has the inherent power to continue a case for future dismissal "during the interval between the conclusion of the evidence and entry of a written order adjudicating the defendant guilty," the Court was clearly addressing the factual scenario in which a defendant has pled not guilty.  <u>Hernandez</u>, 281 Va. at 226, 707 S.E.2d at 275.  The Court did not address the effect of a guilty plea entered pursuant to a plea agreement, both of which are accepted by the trial court under Rule 3A:8.[2]

---

[2] Additionally, because <u>Moreau</u> and <u>In re Commonwealth's Attorney</u> only recognize that a trial court may not be compelled by mandamus to enter judgment, neither case supports the principle that a trial court may dismiss charges without the Commonwealth's consent when the defendant has pled guilty pursuant to plea agreements that have been accepted by the court.  <u>See</u> <u>Moreau v. Fuller</u>, 276 Va. 127, 138-39, 661 S.E.2d 841, 847-48 (2008) (adjudication and judgment not subject to

20

The importance of the role of plea bargaining in our system of criminal justice is well-established.

> The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining," is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.
>
> Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

Santobello, 404 U.S. at 260-61; see also Johnson v. Commonwealth, 214 Va. 515, 517-18, 201 S.E.2d 594, 596 (1974). "In Virginia, as well as in our sister states, the system of criminal justice cannot function promptly and effectively unless

---

mandamus since it involves discretionary power of court); In re Commonwealth's Attorney, 265 Va. 313, 318-19, 576 S.E.2d 458, 461 (2003) (mandamus will not lie to fix and prescribe judgment since such act involves discretionary power of the court). In this case, the Commonwealth's attorney did not seek to compel the trial court to accept the plea agreements or enter judgment. The trial court, in the exercise of its discretion, accepted the plea agreements and the guilty pleas and entered judgment based on that acceptance.

the vast majority of all criminal cases are disposed of on pleas of guilty." Id. at 517, 201 S.E.2d at 596.  "It is of the utmost importance that the integrity of the plea bargaining process be assured because any failure in this regard would result in making this most desirable process less useful and productive than in the past."  Id. at 518, 201 S.E.2d at 596.

The integrity of the plea bargaining process cannot be assured when a trial court may relieve a defendant from a guilty plea in the absence of a motion to withdraw and dismiss the charges without the consent of the Commonwealth.[3]  See In re Horan, 271 Va. 258, 263-64, 634 S.E.2d 675, 679 (2006).  "After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea," a defendant is not permitted to "withdraw his guilty plea simply on a lark."  United States v. Hyde, 520 U.S. 670, 676 (1997).

> Were withdrawal automatic in every case where the
> defendant decided to alter his tactics and present
> his theory of the case to the jury, the guilty
> plea would become a mere gesture, a temporary and

---

[3] Pursuant to the separation of powers doctrine established under the Constitution of Virginia, Commonwealth's Attorneys are vested with the executive power to charge under applicable criminal statutes and to decide whether to proceed with the prosecution.  See In re Horan, 271 Va. 258, 263-64, 634 S.E.2d 675, 679 (2006).

> meaningless formality reversible at the
> defendant's whim. In fact, however, a guilty plea
> is no such trifle, but a grave and solemn act,
> which is accepted only with care and discernment.

Id. at 677 (internal quotation marks and citations omitted).

Yet, I believe the majority's holding will "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess" since the Court has now recognized a new avenue of relief from guilty pleas and plea agreements outside the context of a motion to withdraw. Id.

In short, as the trial court expressed well:

> Given that [Starrs] has admitted his
> guilt and has entered a guilty plea and the
> Commonwealth has proffered sufficient
> evidence in support of his plea, I could not
> find that the evidence was lacking and
> warranted dismissal. And if dismissal is not
> an option, there's no bona fide reason to
> defer disposition.

Because the trial court did not err in this holding, I would affirm the judgment of the Court of Appeals.