COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Decker
Argued at Chesapeake, Virginia


JAMES ALBERT HARRIS, III
                                                          OPINION BY
v.        Record No. 0558-13-1                    JUDGE RANDOLPH A. BEALES
                                                          JUNE 24, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Bruce H. Kushner, Judge

H. K. Reveley, Jr., for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


The trial court convicted James Albert Harris, III (appellant) of felony driving a motor

vehicle after having been adjudged a habitual offender, second or subsequent offense, under

Code § 46.2-357(B).  Appellant argues on appeal that the trial court "abused its discretion when

it failed to take the matter under advisement pursuant to Starrs v. Commonwealth."  However,

the stated purpose for taking the matter under advisement was irrelevant to appellant's guilt or

innocence of the charged offense.  For the following reasons, we affirm appellant's conviction.

I.  BACKGROUND[1]

At appellant's November 26, 2012 bench trial, appellant through his defense counsel did

not challenge the credibility or weight of any of the Commonwealth's evidence proving that

appellant committed the felony "second or subsequent" offense under Code § 46.2-357 on April

_____

[1] Under settled principles of appellate review, we view "the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party" in the trial court. Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004).

24, 2012.[2]  Defense counsel did not move to strike the Commonwealth's evidence or make any closing argument asserting that the Commonwealth failed to prove appellant's guilt beyond a reasonable doubt.  Instead, defense counsel only requested that the trial court "take [the case] under advisement" and "not make a formal finding of guilt" under Code § 46.2-357(B).

Defense counsel first raised the issue of a deferred disposition before the Commonwealth had introduced any evidence during its case-in-chief – when defense counsel actually acknowledged that it was "likely" that the trial court would "determine that the evidence is sufficient to find [appellant] guilty" beyond a reasonable doubt.  Nevertheless, defense counsel asked for "a bond" for appellant, claiming that "there is a possibility [appellant] may get his license reinstated" by the DMV.  Defense counsel asserted that the relief he requested was supported by this Court's decision in Starrs v. Commonwealth, 61 Va. App. 39, 733 S.E.2d 142 (2012), rev'd, 287 Va. 1, 752 S.E.2d 812 (2014).[3]  In response, the prosecutor argued that the trial court lacked "the authority to defer the finding" of guilt – and also asserted that, "given the defendant's criminal history, it is not an appropriate case to defer [a] finding."  The trial court initially found that defense counsel's request to take the matter under advisement was "premature," given that no evidence had even been introduced.

---

[2] Defense counsel did not argue at trial that appellant was actually unaware of the determination by the Department of Motor Vehicles (DMV) in May 1996 that appellant is a habitual offender and that he is ineligible to operate a motor vehicle.  See Claytor v. Commonwealth, 62 Va. App. 644, 652-54, 751 S.E.2d 686, 689-90 (2013).  Furthermore, aside from a "blanket objection for the record" that appellant has not pursued on appeal, defense counsel did not challenge the introduction of prior conviction orders establishing that appellant was convicted in June 2001 and September 2007 of driving after being determined a habitual offender  under Code § 46.2-357.  Defense counsel also did not contest the Commonwealth's evidence that appellant drove a motor vehicle on April 24, 2012 – despite appellant's known habitual offender status and these prior convictions.

[3] Appellant's bench trial occurred after this Court's 2012 decision in Starrs but before the Supreme Court of Virginia's 2014 decision in that case.

After the Commonwealth concluded its case-in-chief and the defense elected not to present any evidence, defense counsel renewed his request for the trial court to take the matter under advisement. Defense counsel claimed, "There is a chance, however remote it may be, that [appellant] can get his license reinstated." Defense counsel told the trial court that appellant had indicated to him that "everything" related to the revocation of his driving privilege was related to "the failure to pay fines" and that appellant assured him that appellant "has no drug problems or alcohol or any of that." According to the record on appeal, however, appellant was actually convicted of driving while intoxicated in June 1993 and February 2007.

While requesting that the trial court take the matter under advisement at the November 26, 2012 bench trial, defense counsel did not introduce or proffer any evidence explaining the process by which appellant could get his driver's license reinstated by the DMV. Defense counsel did not give any indication of the likelihood that appellant actually could get his driver's license reinstated – other than characterizing the "chance" of doing so as "remote." Moreover, defense counsel did not even explain *why* appellant's efforts to get his driver's license reinstated after the November 26, 2012 bench trial could be relevant in determining whether appellant violated Code § 46.2-357 on the alleged offense date of April 24, 2012.

During argument on defense counsel's request for the matter to be taken under advisement, the parties and the trial court addressed whether the trial court had the authority or power to grant that relief. Beyond conveying its understanding of what this Court had stated in Starrs,[4] however, the trial court never made any express findings related to the extent of its

---

[4] Specifically, the trial court said,

> [A]s I see from the Starrs case, the Court of Appeals confirms that when there has been a finding of guilt and/or a finding that the evidence is sufficient to find the defendant guilty, then the court does not have the inherent authority on its own to vacate that judgment unless there is some evidentiary basis for that.

authority. At the conclusion of the argument, the trial court commented on some of the evidence relevant to the request to take the matter under advisement, stating:

> [Appellant's] driving occurred on April 24th, 2012. It is now November 26th, 2012, and it is suggested to me that [appellant] would like to pay off his fines to get his license restored.
>
> It appears his first conviction was 2001. His second conviction was 2007. By my computation, he has been aware of his status. [Appellant] has had at least 11 years to undertake to try to get his fines paid off and have his license restored; and I believe, quite frankly – although I appreciate [defense counsel's] efforts on behalf of Mr. Harris, I believe his request comes far too late; and, therefore, I am going to deny your request that I take the matter under advisement, but I certainly will note your exception to the Court's ruling.

After denying defense counsel's request, the trial court stated that it would then "proceed to judgment." The trial court found appellant guilty of violating Code § 46.2-357(B) beyond a reasonable doubt. Appellant through defense counsel did not ask the trial court to reconsider its decision not to defer its disposition of the case before the trial court entered its written conviction order on January 2, 2013. At appellant's March 14, 2013 sentencing hearing in the trial court, appellant was sentenced for the present felony offense under Code § 46.2-357(B) – as well as for another Code § 46.2-357(B) felony offense, to which appellant had pled guilty, which occurred while appellant was on bond for the present offense.

## II. ANALYSIS

Appellant asserts in his assignment of error to this Court that the trial court "abused its discretion when it failed to take the matter under advisement" at the November 24, 2012 bench

---

Defense counsel responded, "I think all [this Court's decision in Starrs] is saying is that until the court makes a formal finding of guilt, that it can take it under advisement for whatever reasons it deems fit, and that is why I asked you not to find him formally guilty but to take it under advisement." The prosecutor then asserted, "Judge, the Starrs case, basically [holds], after a finding of guilt, the court has no inherent authority to defer a finding." The prosecutor added, "[the] Commonwealth's position, Your Honor, is that the court has no inherent authority to defer a finding of guilt on a habitual offender charge. There is no statutory authority for it."

- 4 -

trial. The trial court instead proceeded to convict appellant under Code § 46.2-357(B) beyond a reasonable doubt. Appellant claims that the trial court found it "had no authority" to take the case under advisement. Appellant contends further that such a finding – assuming, of course, that the trial court actually made it – was erroneous. In his petition for appeal, appellant relied on language from this Court's decision in Starrs, which in turn quoted the Supreme Court of Virginia's decision in Hernandez v. Commonwealth, 281 Va. 222, 226, 707 S.E.2d 273, 275 (2011), accordingly:

> [D]uring the interval between the conclusion of the evidence and the entry of a written order adjudicating the defendant guilty, the circuit court ha[s] the inherent power, in the exercise of its discretion, to take the matter under advisement and to continue the case for future disposition, subject to such lawful conditions as the court might prescribe.

Starrs, 61 Va. App. at 44, 733 S.E.2d at 144; see also Epps v. Commonwealth, 59 Va. App. 71, 81, 717 S.E.2d 151, 156 (2011) (also released after Hernandez and also quoting the same language). In addition, appellant now relies on the Supreme Court of Virginia's subsequent decision in Starrs, which was released during the briefing stage of this appeal and also contains the same language that is quoted above. See Starrs, 287 Va. at 7, 752 S.E.2d at 815.

Appellant contends that the trial court here misconstrued this language from Starrs and found – prior to the actual adjudication of appellant's guilt – that it lacked any authority to defer its finding of guilt and to continue the matter for a future disposition. The trial court clearly did not make that finding on the record.[5] The transcript of the November 26, 2012 bench trial

---

[5] At most, the trial transcript perhaps reflects some preliminary confusion or skepticism by the trial court concerning the scope of a trial court's authority to continue a case for a future disposition. However, "an appellate court 'reviews judgments, not statements'" made by a lower court. Family Redirection Inst., Inc. v. Commonwealth, 61 Va. App. 765, 773, 739 S.E.2d 916, 920-21 (2013) (quoting California v. Rooney, 483 U.S. 307, 311 (1987)); see also Meidan, Inc. v. Leavell, 62 Va. App. 436, 442, 749 S.E.2d 201, 204 (2013).

establishes that, when the trial court ruled on appellant's request to take the matter under advisement, the trial court actually denied that request *on the merits*.

As the trial court explained from the bench, appellant at the time of the November 26, 2012 bench trial had twice previously been convicted under Code § 46.2-357 for driving a motor vehicle after having been adjudicated a habitual offender. Appellant then committed the present offense under Code § 46.2-357 when he drove a motor vehicle on April 24, 2012. Seven months later, at appellant's bench trial, defense counsel all but acknowledged appellant's guilt for the present felony offense. Defense counsel stated, before any evidence was introduced, that a conviction was "likely." However, he asked the trial court to delay pronouncing its judgment until a later date. Defense counsel claimed that there was "a chance, however remote it may be," that appellant could get his driver's license reinstated.

The trial court obviously disagreed with defense counsel's contention that a continuance for that purpose was appropriate – especially given that defense counsel never actually explained *why* a "remote" hope of reinstating appellant's driver's license after November 26, 2012 was in any way relevant in determining appellant's guilt or innocence under Code § 46.2-357 *on April 24, 2012*. It was in this context that the trial court told defense counsel, "[A]lthough I appreciate your efforts on behalf of Mr. Harris, *I believe his request comes far too late; and, therefore, I am going to deny your request* that I take this matter under advisement" for a future disposition. (Emphasis added). The full context of the trial court's ruling makes clear that appellant's request came "far too late" because the trial court did not believe that the request *had any bearing on appellant's guilt or innocence* pertaining to the charged felony second or subsequent offense under Code § 46.2-357 that occurred on April 24, 2012.

Accordingly, the record shows that the trial court exercised authority to consider – and deny – defense counsel's request to take the matter under advisement at the conclusion of the

November 26, 2012 bench trial. However, this conclusion does not end our analysis of appellant's assignment of error. He contends in his assignment of error that the trial court "abused its discretion when it *failed* to take the matter under advisement" at the end of the bench trial. This is a broad claim that implicates not just the initial issue of the trial court's authority to consider a deferred disposition – but also the soundness of the trial court's discretionary decision finding that a deferred disposition was inappropriate. Moreover, at the conclusion of his opening brief, appellant also broadly seeks an order from this Court essentially directing the trial court *to grant* defense counsel's deferred disposition request.[6]

The scope of this appeal reaches the actual merits of a deferred disposition request – an issue the Supreme Court of Virginia has not squarely addressed in either Hernandez or Starrs. In those cases, two different trial judges denied requests for deferred dispositions on the ground that they *could not* consider (or grant) a deferred disposition because they lacked authority to grant the relief when the requests were made. On that specific issue, the Supreme Court found reversible error. See Hernandez, 281 Va. at 226, 707 S.E.2d at 275 (holding that "inherent authority" to defer disposition existed after the trial court found that the evidence was sufficient to convict the defendant); see also Starrs, 287 Va. at 13, 752 S.E.2d at 819 (holding that "inherent authority" to defer disposition still existed after the defendant pled guilty pursuant to a plea agreement, which the trial court then accepted in a written order). Hernandez and Starrs determine *how far* into the trial proceedings, according to the Supreme Court, a trial court's

---

[6] The conclusion of appellant's opening brief includes the following prayer for relief: "The [trial] court's sentencing order should be vacated and the case remanded *to allow defendant the opportunity to reinstate his license prior to sentencing*." (Emphasis added). Significantly, appellant does not ask this Court merely to direct the trial court to *reconsider* defense counsel's request. According to the Supreme Court's decision in Hernandez, that would be the appropriate remedy on remand if the trial court had simply found that it was without authority to *consider* the request. See Hernandez, 281 Va. at 226, 707 S.E.2d at 275 (directing a remand "to the circuit court for such consideration of the defendant's motion for deferred disposition as the circuit court in its discretion may deem appropriate"). Therefore, this appeal implicates the very merits of the trial court's ruling not to take the matter under advisement.

authority to defer a disposition extends.  However, neither <u>Hernandez</u> nor <u>Starrs</u> discusses whether those defendants' deferred disposition requests had actual merit – a decision left to the trial judges on remand.

Thus, the Supreme Court's decisions in <u>Hernandez</u> and <u>Starrs</u> identify a narrow aspect of judicial authority prior to the entry of the conviction order that permits a trial court, "in the exercise of its discretion," to defer the disposition of a criminal trial until a later date.  But that discretion is not limitless.  <u>See</u> <u>Sys. Fed'n No. 91 Ry. Employees' Dep't v. Wright</u>, 364 U.S. 642, 648 (1991) (explaining that a judge's "discretion is never without limits").  Judicial discretion is abused if a decision does not stay within the appropriate "range of choice" and is "unsupportable" under the law.  <u>Lawlor v. Commonwealth</u>, 285 Va. 187, 212-13, 738 S.E.2d 847, 861 (2013) (internal quotation marks and citation omitted).  We do not and *cannot* read the holdings in <u>Hernandez</u> and <u>Starrs</u> to alter the fundamental principle of judicial restraint or the constitutionally required separation of powers between the legislative, executive, and judicial branches of government – a doctrine so important to our Commonwealth that it is enshrined twice in Virginia's Constitution.  <u>See</u> Va. Const. art. I, § 5; art. III, § 1; <u>see also</u> <u>Taylor v. Worrell Enters, Inc.</u>, 242 Va. 219, 221, 409 S.E.2d 136, 138 (1991) (explaining that the separation of powers doctrine "prevents one branch from engaging in the functions of another").

In fact, the Supreme Court of Virginia expressly identified the separation of powers doctrine in <u>Moreau v. Fuller</u>, 276 Va. 127, 661 S.E.2d 841 (2008), which preceded <u>Hernandez</u> and <u>Starrs</u>.  There, the Supreme Court applied case law from the United States Supreme Court holding that "the federal constitution 'gives the Federal Judiciary the power, not merely to rule on cases, but to decide them'" in a final judgment.  <u>Id.</u> at 137, 661 S.E.2d at 846 (quoting <u>Plaut v. Spendthrift Farm</u>, 514 U.S. 211, 218-19 (1995)).  However, as the Supreme Court recognized in <u>Moreau</u>, the judiciary may not ignore the constitutional separation of powers and "'exercise

the powers properly belonging to'" another branch of government.  Id. at 136, 661 S.E.2d at 846 (quoting Va. Const. art. III, § 1).

The separation of powers doctrine that is so essential to our Commonwealth – and to our nation – simply does not permit a trial court to step outside the boundaries of the law and declare that "a particular act made criminal by law ought not to be treated as criminal" in a case where the defendant's guilt has been proven.  Ex parte United States, 242 U.S. 27, 42 (1916); see also Sorrells v. United States, 287 U.S. 435, 450 (1932) (explaining that the judiciary lacks any power to refuse "to perform a duty resting upon it" and interfere with the constitutional "legislative and executive authority" by declining to adjudicate a criminal case "because it desires to let the defendant go free"); Richardson v. Commonwealth, 131 Va. 802, 809, 109 S.E. 460, 462 (1921) (stating that a trial court is not permitted to agree "with the prisoner to excuse him forever from the penalties of his crime").  Trial courts lack any "authority to free guilty defendants" following a lawful trial, Sorrells, 287 U.S. at 449, because it is the executive branch that holds the constitutional power to extend clemency and issue pardons, see Va. Const. art. V, § 12.

The Supreme Court of Virginia could not have intended in its Moreau, Hernandez, and Starrs decisions to hold that a trial court somehow possesses the power of *judicial clemency*.  See Moreau, 276 Va. at 136, 661 S.E.2d at 846; see also Sorrells, 287 U.S. at 450 (stating that "[j]udicial nullification" has "no place in our system" of justice).  We also reached that conclusion in Taylor v. Commonwealth, 58 Va. App. 435, 710 S.E.2d 518 (2011), appeal refused, Rec. No. 111413 (Va. S. Ct. Nov. 8, 2011), where we found there was no general power of judicial clemency after reviewing the Virginia Constitution, the common law, and the Code of Virginia.  As we noted in Taylor, neither Moreau nor Hernandez "addresses what future disposition the court has authority to impose" or mentions "whether the decision ultimately made

by the trial court, after the discretionary continuance, could be one acquitting a criminal defendant whose guilt was proved beyond a reasonable doubt." Id. at 449-50, 710 S.E.2d at 525.

The Supreme Court's decision in Starrs, which came after Taylor, does not lead to or compel any different conclusion. In Starrs, the Supreme Court held that a trial court may defer a disposition even after accepting a defendant's guilty plea (if it does so before entering a written conviction order) and also may take additional evidence. 287 Va. at 10-13, 752 S.E.2d at 818-20. Significantly, however, the Supreme Court qualified this holding when it stated that the "*purpose* of hearing [additional] evidence is to determine whether an accused *is guilty or not* and the measure of guilt." Id. at 11, 752 S.E.2d at 819 (internal quotation marks and citation omitted) (emphasis added). Even if a discretionary continuance is an option for the trial court, it may not "permanently refuse" to enter a lawful judgment, id. at 13, 752 S.E.2d at 819 – and that judgment must properly reflect *only* "whether an accused is guilty or not and the measure of guilt." Id. at 11, 752 S.E.2d at 819.

Here, the request to take the case under advisement and defer disposition represented nothing more than a guilty defendant's attempt to escape (or delay) an inevitable conviction through judicial clemency.[7] However, any authority of a trial court to permit the "'mere postponement' in the entry" of a conviction order cannot serve "as a pretext for granting a criminal defendant 'a pardon for his crime'" because that would be an improper exercise of clemency by the judiciary that would definitely exceed the judiciary's authority under the separation of powers doctrine. Taylor, 58 Va. App. at 450, 710 S.E.2d at 525 (quoting Ex parte United States, 242 U.S. at 46). The Supreme Court clearly explained in Moreau, 276 Va. at 136,

---

[7] The request to take the case under advisement was not made to call into question any of the Commonwealth's overwhelming evidence that appellant drove a motor vehicle with a revoked license on April 24, 2012 after having been determined to be a habitual offender (and after having been previously convicted twice for that offense). The request to take the case under advisement also did not relate to any point of law about that offense or raise any issue that would require additional briefing for the trial court's review.

- 10 -

661 S.E.2d at 846, that Virginia's constitutional separation of powers doctrine does not permit the judiciary to "assume a power of clemency or pardon which is a unique function of executive power." Likewise, as the United States Supreme Court said in <u>Sorrells</u>, "Judicial nullification of statutes, [which are] admittedly valid and applicable, has, happily, no place in our system" of justice. 287 U.S. at 50.

Accordingly, we hold that a trial court's narrow authority to defer a disposition does not in any way diminish its greater duty to render a timely and lawful judgment that faithfully applies the relevant facts and the controlling law. In short, a trial court cannot simply acquit a defendant through an act of judicial clemency (or judicial nullification), where the evidence proves the defendant's guilt beyond a reasonable doubt and where no statutory authority exists to allow the trial court to dismiss the charge. In this case, as explained *supra*, there is simply no purpose for defense counsel's request to take the matter under advisement – *other* than to delay an unavoidable guilty verdict or to persuade the trial court to acquit appellant of the felony "second or subsequent" offense under Code § 46.2-357(B) purely as an act of judicial clemency. The trial court certainly did not abuse its discretion when it found no proper purpose for defense counsel's request and denied it on the merits.

Therefore, contrary to the claim in appellant's assignment of error, the trial court did not err by failing to take the case under advisement. The trial court instead correctly found that it would be inappropriate to do so. Given the correctness of the trial court's ruling, appellant clearly is not entitled to an order from this Court directing the trial court "to allow [appellant] the opportunity to reinstate his license," which is the specific remedy appellant seeks in his brief to this Court.

### III. Conclusion

The narrow authority to take a matter under advisement or defer a disposition is neither a gateway nor a loophole for acquitting or refusing to convict a defendant whose guilt has been established beyond a reasonable doubt.  Appellant's guilt of the charged felony offense here was exceedingly "likely" (as defense counsel candidly acknowledged) even prior to trial; his counsel offered no defense or argument against the charge; and defense counsel failed to state any proper purpose for the request to take the matter under advisement – i.e., a purpose relevant to determining guilt (or innocence) and the degree of guilt.  The trial court did not abuse its discretion when it denied that request, and, accordingly, we affirm appellant's felony conviction under Code § 46.2-357(B).

Affirmed.