COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, AtLee and Malveaux
Argued at Fredericksburg, Virginia


ACKEEM S. EDWARDS

MEMORANDUM OPINION* BY
v.      Record No. 1541-18-4      JUDGE RICHARD Y. ATLEE, JR.
JANUARY 14, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Negin Farahmand Yeganeh, Assistant Public Defender, for
appellant.

(Mark R. Herring, Attorney General; Brittany A. Dunn-Pirio,
Assistant Attorney General, on brief), for appellee.


Following a bench trial, a judge of the Circuit Court of Fairfax County found appellant

Ackeem S. Edwards guilty of grand larceny and possession of burglary tools.[1]  On appeal,

Edwards argues that the circuit court erred in denying his motion for deferred disposition

pursuant to Starrs v. Commonwealth, 287 Va. 1 (2014).  For the following reasons, we affirm.

I. BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth, the

party who prevailed before the circuit court.  Clanton v. Commonwealth, 53 Va. App. 561, 564

(2009) (en banc).  So viewed, the evidence shows that an asset protection supervisor for

Bloomingdale's at Tyson's Corner observed Edwards looking at shirts in the Burberry section of

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On September 12, 2018, the circuit court entered an order vacating Edwards' conviction
for possession of burglary tools.

the store.  He selected several shirts, and entered the fitting room.  His companion (and co-defendant) was in the fitting room at the same time.  The asset protection supervisor found that two of the Burberry shirts were missing after Edwards left the fitting room.  She approached Edwards and his companion and asked them to come with her to her office.  She explained why she had stopped them and called the police.  The police officers arrived and patted down Edwards, recovering four shirts with a value of $1,140 from his person, worn under a "waist trainer" (a corset-like device) he wore under his shirt and sweater.[2]

At trial on January 10, 2018, the circuit court said "I find the Defendant guilty on both counts [of grand larceny and possession of burglary tools] beyond a reasonable doubt."  The circuit court memorialized its finding of guilt in a written conviction order on January 16, 2018, which stated "the Court found the Defendant, ACKEEM S. EDWARDS, guilty of GRAND LARCENY (COUNT I) and POSSESSION OF BURGLARY TOOLS (COUNT II), as charged in the indictment, for the reasons stated on the record."

Following his convictions, Edwards received a sentence of 180 days in prison for each conviction, with the entirety of both sentences suspended for a period of one year while Edwards served a one-year term of probation.[3]  The circuit court entered a sentencing order on May 9, 2018, and contemporaneously entered another order suspending entry of the sentencing order for ninety days because "current counsel in the Office of the Public Defender was not the Defendant's counsel for the trial and sentencing and needs additional time to ensure all appropriate post-trial motions have been filed prior to noting the Defendant's appeal."  This

---

[2] Edwards' co-defendant also had unpurchased Bloomingdale's merchandise under his own waist trainer.

[3] After the circuit court vacated the conviction for possession of burglary tools, it entered a modified sentencing order so reflecting.

order had no mention of, or effect on, the circuit court's finding of guilt on the record at the conclusion of trial or the existing final conviction order.

Edwards filed a motion for a deferred disposition pursuant to Starrs v. Commonwealth, 287 Va. 1 (2014). In the motion, he acknowledged that he had been found guilty but asserted the case had been continued for sentencing due to the ninety-day stay on the sentencing order. The circuit court denied the motion. Edwards argued that a deferred disposition under Starrs was appropriate because of potential immigration consequences he could face if convicted,[4] as well as there being mitigating evidence, such as his community service, employment, mental health issues, and relatively minor criminal record. The Commonwealth responded that the circuit court had made a finding of guilt and thus a Starrs disposition was not available in this matter and that even if it was, this case was not an appropriate one for such a disposition. The circuit court ultimately found that although it had the authority to issue a Starrs deferred disposition, it did not think this case warranted it, and it denied the motion. This appeal followed.

## II. ANALYSIS

Edwards argues the circuit court erred in declining to grant him a deferred disposition pursuant to Starrs. Under Starrs, "during the interval between the conclusion of the evidence and the entry of a written order adjudicating [a] defendant guilty, [a trial court has] the inherent power, in the exercise of its discretion, to take the matter under advisement and to continue the case for future disposition." Starrs, 287 Va. at 7 (alterations in original) (quoting Hernandez v. Commonwealth, 281 Va. 222, 226 (2011)). Starrs and Hernandez "identify a narrow aspect of judicial authority *prior to the entry of the conviction order* that permits a trial court, 'in the exercise of its discretion,' to defer the disposition of a criminal trial until a later date." Harris v.

---

[4] Edwards was present in the United States as a lawful permanent resident, and a felony conviction would make him deportable; therefore, he argued, he was in a substantially different situation than others who did not face immigration consequences.

Commonwealth, 63 Va. App. 525, 533 (2014) (emphasis added). The authority of a circuit court to issue a deferred disposition under Starrs evaporates upon a formal finding of guilt on the record, because "[t]rial courts lack any 'authority to free guilty defendants' following a lawful trial," id. at 535 (quoting Sorrells v. United States, 287 U.S. 435, 449 (1932)), and the power to issue a Starrs deferred disposition does not mean "a trial court somehow possesses the power of *judicial clemency*," id.

Here, the circuit court erred in finding that it had authority to issue a Starrs disposition, as it had already issued both an oral and written finding of Edwards' guilt. At trial, the circuit court said "I find the Defendant guilty on both counts beyond a reasonable doubt." This finding of guilt was memorialized first in a written conviction order on January 16, 2018, and again in the final sentencing order entered May 9, 2018. Unlike in other cases dealing with deferred dispositions, here, "the circuit court did more than merely find the evidence sufficient to find [appellant] guilty . . . ; it actually found him guilty." Lewis v. Commonwealth, 295 Va. 454, 464 (2018). Although the sentencing order was stayed for ninety days to permit newly-appointed counsel to file any post-trial motions, the final conviction order was not stayed. In both the conviction order and the transcript, there was clearly a final, formal adjudication of guilt. As such, the circuit court had no authority to defer disposition pursuant to Starrs at the time of the hearing where it so held.

Although the circuit court erred in finding that it *could* have deferred disposition pursuant to Starrs, it ultimately did not do so. "Under the right result for the wrong reason doctrine, 'it is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons.'" Perry v. Commonwealth, 280 Va. 572, 579 (2010) (alterations in original) (quoting Schultz v. Schultz, 51 Va. (10 Gratt.) 358, 384 (1853)). In other words, even though the

circuit court was incorrect in its finding that it could have entered a <u>Starrs</u> disposition after having issued both oral and written findings of guilt, it nonetheless declined to do so. Accordingly, although for the wrong reasons, it ultimately reached the right result in declining to issue a <u>Starrs</u> disposition, and as such, there is no reversible error.

### III. CONCLUSION

Although the circuit court erred in finding that it possessed the authority to issue a deferred disposition pursuant to <u>Starrs</u> after making a formal, final adjudication of guilt, it nonetheless reached the right result, albeit for the wrong reason, when it declined to defer disposition. Accordingly, we find no reversible error and affirm.

<u>Affirmed.</u>