UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Athey and White

LETONYA LESHELLE ROANE

MEMORANDUM OPINION*
v.      Record No. 0950-22-2          PER CURIAM
                                       JULY 5, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge

(Kelsey Bulger, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.


Letonya Leshelle Roane ("Roane") pled no contest to carnal knowledge, in violation of

Code § 18.2-63, under the terms of a written plea agreement. The Circuit Court for the City of

Richmond ("trial court") sentenced Roane to ten years of suspended incarceration, consistent with

the terms of the plea agreement. On appeal, Roane contends that the trial court abused its discretion

by denying her request to take the matter under advisement and withhold a finding of guilt. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

I. BACKGROUND

The facts underlying Roane's conviction in this case are undisputed. The Commonwealth

proffered that Roane engaged in a consensual sexual relationship with I.F., a 12 year old who had

run away from home. I.F. went to "extreme lengths" to hide her true age from Roane; she showed

_____
* This opinion is not designated for publication. *See* Code § 17.1-413(A).

Roane fake credit cards, fake identification, and enlisted third parties to confirm her false assurances to Roane that she was 20 years old. As soon as Roane discovered that I.F. had been reported missing, Roane took her to the police station, where Roane made a "full confession" about her relationship with I.F. Following Roane's arrest, I.F. made "numerous" and "concerning statements" in apparent attempts to get Roane out of trouble, including that she had "put a knife to" Roane's throat.

Under the plea agreement, the Commonwealth agreed to recommend that Roane be sentenced to ten years' incarceration, with all ten years suspended. After entering her plea, Roane's counsel interrupted the plea colloquy and motioned for the trial court to take the case under advisement and withhold a guilty finding. Roane acknowledged that the written plea agreement did not provide for a deferred disposition, and the Commonwealth objected to her motion. Roane argued that the trial court should take the case under advisement because of the "extenuating circumstance[s]" surrounding the offense. These circumstances included I.F.'s false representations "about her age," and Roane's immediate actions in taking I.F. to the police and making a full confession when she learned the truth. Roane emphasized her low risk of recidivism based on a psychosexual evaluation she fully cooperated with completing. She stated that her "main concern with the conviction" was the mandatory, lifetime registration requirement on the sex offender registry. Roane maintained that she had been "consistently compliant" with the trial court's orders and asked that the trial court place "whatever conditions" were necessary to "have a different outcome in this case."

The trial court found it incredible that Roane could have believed that the 12-year-old victim was 20 years old. The trial court acknowledged that Roane had made "valid points" regarding the circumstances of the case but also noted the objections of the Commonwealth and I.F.'s parents.

The trial court found that there was "too great of an age disparity" between I.F. and Roane,[1] and therefore denied her motion to take the case under advisement. The trial court resumed its plea colloquy to ensure that Roane understood the implications of her no contest plea. After completing the plea colloquy and reviewing the plea agreement with Roane, the trial court found that Roane entered her plea "freely, intelligently, and voluntarily" and understood its consequences. Accordingly, the trial court accepted Roane's plea of no contest and convicted her of carnal knowledge.[2] Before pronouncing the sentence provided in the plea agreement, the trial court found that Roane had received "some consideration" under the plea agreement, which recommended a fully suspended sentence, notwithstanding that the discretionary sentencing guidelines recommended a minimum of seven months' incarceration.[3] Roane appeals.

## II. ANALYSIS

### A. *Standard of Review*

A trial court's inherent authority to defer dispositions in criminal cases is "narrow" and whether to exercise that judicial authority is discretionary. *Harris v. Commonwealth*, 63 Va. App. 525, 533 (2014). Thus, we review a trial court's decision not to grant a deferred disposition under its inherent authority under the deferential abuse of discretion standard. *Id.*

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

[1] Roane was 28 years old at the time of the offense.

[2] The Commonwealth had amended the original charge of aggravated sexual battery of a victim less than 13 years of age to carnal knowledge in violation of Code § 18.2-63.

[3] The discretionary sentencing guidelines recommended between seven months to one year and four months' incarceration, with a midpoint of nine months.

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."
*Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

B. *The trial court did not err by refusing to take the case under advisement.*

Roane argues that the trial court abused its discretion. By convicting her rather than taking the case under advisement, Roane claims the trial court "failed to give weight to the mitigating circumstances of the offense" and the "devastating effect this conviction would have on [her] life." Roane also contends that because I.F. "wanted to avoid Roane getting in trouble" and I.F.'s parents' "primary goal was to avoid" I.F. having to testify, "deferring disposition would have been a just result for [both] Roane *and* I.F." In Roane's estimation, "[t]he trial court's refusal" to take the case under advisement "is reversible error." We disagree.

A trial court that has not entered a conviction order has the authority "to defer the disposition of a criminal trial until a later date." *Harris*, 63 Va. App. at 533. "But that discretion is not limitless." *Id.* It provides "neither a gateway nor a loophole for acquitting or refusing to convict a defendant whose guilt has been established beyond a reasonable doubt." *White v. Commonwealth*, 67 Va. App. 599, 615 (2017) (quoting *Harris*, 63 Va. App. at 537). Thus, a trial court "cannot simply acquit a defendant through an act of judicial clemency (or judicial nullification), where the evidence proves the defendant's guilt beyond a reasonable doubt and where no statutory authority exists to allow the trial court to dismiss the charge." *Harris*, 63 Va. App. at 537.

Roane's plea of no contest admitted, "for the purposes of the case, all facts supporting the accusation." *Smith v. Commonwealth*, 59 Va. App. 710, 723 (2012). In fact, the written plea agreement expressly provided, "[t]he defendant hereby stipulates that the Commonwealth's evidence is sufficient to find her guilty of above stated offense[ ]." Roane acknowledged to the trial court that her "main concern" was the mandatory, "lifetime registration" requirement

actuated by the conviction. *See* Code §§ 9.1-902, 9.1-903 (establishing registration requirements for the Sex Offender Registry). She therefore asked the trial court "to consider using its inherent authority to take [the case] under advisement" to monitor Roane's "compliance" and "possibly have a different outcome." But given her stipulation to the sufficiency of the Commonwealth's evidence and the mandatory registration requirement for a violation of Code § 18.2-63(A), the motion's only purpose was "to delay an unavoidable guilty verdict or to persuade the trial court to acquit" Roane "purely as an act of judicial clemency." *Harris*, 63 Va. App. at 537. The record demonstrates that the trial court considered Roane's proffered extenuating circumstances and the lasting consequences of a conviction and acknowledged that Roane had made "good" and "valid points." The trial court found, however, that the proffered evidence and Roane's plea supported a finding of guilt and that it was inappropriate under the circumstances to "override" the Commonwealth's objections and those of I.F.'s parents. On this record, we cannot say that every reasonable jurist would have granted Roane's motion; thus, we are not permitted to second-guess the trial court's exercise of discretion in denying it. *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019).

## III. CONCLUSION

Finding no abuse of the trial court's discretion, we affirm the judgment.

*Affirmed*.